**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | |
|---|---|
| **CARL N MERKLE,** § | |
| *Plaintiff* § | |
| § | SA-20-CV-00541-XR |
| -vs- § | |
| § | |
| **DAVID S. GRAGG, NATALIE FRIEND** § | |
| **WILSON, JOHNNY THOMAS,** § | |
| **PATRICK AUTRY,** § | |
| *Defendants* § | |

**ORDER**

On this date, the Court considered the Defendants David S. Gragg and Natalie Friend Wilson's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 4), Defendant Patrick Autry's Motion to Dismiss Under Federal Rules of Civil Procedure 8, 9 and 12(b)(6) (ECF No. 5), and the Motion to Dismiss by Defendant Johnny W. Thomas Under Federal Rules of Civil Procedure 8, 9 and 12(b)(6) (ECF No. 6). No responses have been filed. After careful consideration, the Court grants the motions.

**Background**

Plaintiff Carl N. Merkle filed this action in Bexar County district court against Defendants David Gragg, Natalie Friend Wilson, Patrick Autry, Bankruptcy Judge Craig A. Gargotta, Henry G. Hobbs, Jr., and Johnny Thomas. Merkle complains about events that transpired during his ongoing bankruptcy case before Judge Gargotta in the Western District of Texas. The Undersigned issued a lengthy order in 19-CV-640 in November 2019 recounting the history of several of Merkle's bankruptcy appeals as well as considering the claims in that case, and other matters. The Court takes judicial notice of its prior Order and of the docket in the ongoing bankruptcy case.

1

In 2005, Carl Merkle and his then-wife Janie Merkle ("Janie") entered into a loan (of approximately $1,096,000) to purchase an apartment complex ("the Property"). The Property was collateral subject to a Note and Deed of Trust eventually held by Defendant Pilgrim REO, LLC ("Pilgrim"). At the relevant times, the loan was serviced by Defendant Capital Crossing Servicing Company, LLC ("CCS"). Merkle and Janie divorced in 2012, and Merkle agreed to pay Janie $202,500 for her interest in the Property, secured by a lien on the Property. In late 2015, CCS as loan servicer sought to accelerate the mortgage loan and foreclose on the Property on behalf of Pilgrim due to Merkle's default, and a foreclosure sale was set. Merkle filed his bankruptcy petition on January 4, 2016, staying the foreclosure. Pilgrim filed a proof of claim and thus became a creditor in the bankruptcy proceeding. Pilgrim is the largest creditor in the bankruptcy case, and is represented by David Gragg and Nancy Friend Wilson of the law firm Langley & Banack.

Merkle filed objections to Pilgrim's claim, asserting that Pilgrim/CCS misapplied insurance proceeds from a fire by applying the entire balance to principal and interest without first applying funds to outstanding payments and property taxes to bring the loan current, and also claimed that Pilgrim/CCS could not properly foreclose. Judge Gargotta held a hearing on March 28, 2017 and confirmed the Chapter 11 Plan. Judge Gargotta ordered that, upon sale of the Property, the net proceeds would be distributed first to pay property taxes, then to Pilgrim's allowed claim (the amount still disputed), then to Janie's allowed secured claim. Judge Gargotta later approved the sale of the Property and the sale closed in 2017. At closing, approximately $968,000 of the sale proceeds was paid to Pilgrim, and $161,000 was held in escrow.

Judge Gargotta considered Pilgrim's Claim and Merkle's objections on June 20 and 21, 2017 and held that the debt was properly accelerated and that Merkle owed the entire balance

due when the property was posted for foreclosure, and rejected Merkle's claims for wrongful foreclosure. He also awarded interest, costs, expenses, and attorney's fees to Pilgrim/CCS. Merkle appealed those orders, and they were affirmed on appeal. Janie sought to have the excess sale proceeds being held in escrow distributed to her on her secured claim, but Judge Gargotta denied the motion on Pilgrim's objection and assertion of a superior lien, and Merkle appealed that denial. Judge Ezra dismissed that appeal for lack of jurisdiction because it was not a final appealable order.[1]

In June 2019, Merkle filed a civil complaint in 19-CV-640 against David Gragg, Natalie Friend Wilson, their law firm Langley & Banack, and others, asserting numerous claims against them based on the bankruptcy proceedings. He refers to the attorneys as a "criminal street gang" and alleges that they have stolen his funds. He further alleges that Judge Gargotta is corrupt and in collusion with the attorneys, and that judges who have considered his appeals have been duped. In November 2019, this Court issued its Order dismissing Merkle's claims against Gragg, Wilson, and others, noting that Merkle was attempting to relitigate issues that had already been decided against him in the bankruptcy court and affirmed on appeal and that the ongoing issue of the disposition of the $161,000 in escrow was to be decided by the Bankruptcy Court.

On February 13, 2020, Patrick Autry on behalf of Janie filed a Motion to Convert the Bankruptcy Case from Chapter 11 to Chapter 7. Bkr ECF No. 374. In the motion, Autry noted that Merkle continued to litigate against Pilgrim and CSS, resulting in further attorney's fees and other expenses that Pilgrim and CSS allege are recoverable from the sale proceeds held in escrow and are senior to Janie's lien. Autry noted that the sale did not satisfy Merkle's debt to

---

[1] In 2017, Merkle began representing himself *pro se* and began making accusations against Judge Gargotta and the various lawyers representing Pilgrim and CCS, prompting a warning by Judge Gargotta. Merkle was also warned by Magistrate Judge Farrer in 18-CV-588 (docket no. 43), and Judge Ezra adopted the Report and Recommendation, including the warning, on October 3, 2019 (docket no. 47).

Janie, and that the confirmed Plan provided that if Janie was not satisfied from the sale, then Merkle was to pay the remaining balance amortized over 10 years at 6.5% interest. Autry asserted that Merkle was "now more than a year delinquent in payments to Janie and has told her that he does not intend to make any additional payments to her." Autry therefore moved on behalf his client Janie to have the case converted to one under Chapter 7. Merkle objected. Judge Gargotta held a hearing on March 18, 2020, and issued an Order converting the case to Chapter 7. Bankr. ECF No. 381. Merkle has appealed that Order. Bankr. ECF 393. The appeal is currently pending before Judge Biery as 20-CV-381-FB.

On April 6, the Trustee Johnny Thomas and creditor Pilgrim agreed to file a Joint Motion to Interpret and Enforce Confirmation Order and Sale Order as they Pertain to Proceeds from Disposition of Property of the Estate. Bankr. ECF No. 397. According to that motion, Merkle had contacted the escrow agent demanding release of the funds to Janie, despite the fact that Pilgrim had an interest in the funds. On April 13, after notice and hearing, the Bankruptcy Court granted the motion and ordered the proceeds held in escrow to be delivered to the Chapter 7 Trustee Johnny Thomas. Bankr. ECF No. 406.

Merkle filed this lawsuit on May 1, 2020.[2] Although Merkle recounts the history of his bankruptcy, Merkle notes that his current "complaint is about the 'theft and embezzlement' of $161,000 of Merkle's money on March 18, 2020 that is currently sitting in an escrow account under bankruptcy Judge Craig Gargotta's control, and now the control of the Chapter 7 US Trustee recently assigned to Merkle's new Chapter 7 bankruptcy case (the Secondary Defendants)." Merkle alleges that the "theft occurred on March 18, 2020, as a result of a fraudulent order that was issued, written by Mr. Autry, that did not release the $161,000 sitting in

---

[2] Shortly after this lawsuit was filed, on May 22, 2020, this Court issued a pre-filing injunction against Merkle in case SA-19-CV-640-XR.

4

that escrow account to Janie Merkle as Merkle had requested." Merkle contends that this is the second theft of the $161,000, and it "was stolen the first time on October 24, 2017 when Judge Gargotta issued his illegal October 24, 2017 Absolute Priority Rule order." Merkle further complains that the "Primary Defendants" stole more than $1,129,000 from Merkle and Merkle's Chapter 11 individual bankruptcy estate through "a very complex 'bankruptcy "accounting" 'fraud' swindle that Gargotta set up through three orders issued following a 'sham' claims objection trial that occurred on June 20-21, 2017 that defrauded Merkle . . . ."

Because the suit named Bankruptcy Judge Craig Gargotta and United States Trustee Henry G. Hobbs, Jr. as defendants with regard to claims resulting from acts or omissions taken with the scope of their federal office or employment, the United States removed the case to this Court and was substituted in place of those Defendants. *See* 28 U.S.C. §§ 1442(a)(1), 2679(d)(1). Soon after removal, Merkle non-suited the United States. Each of the remaining Defendants has filed a motion to dismiss.

## Analysis

### A. Gragg and Wilson's Motion to Dismiss Under Rule 12(b)(6) (ECF No. 4)

Defendants Gragg and Wilson contend that most of the allegations and claims in Plaintiff's current complaint are barred by res judicata and collateral estoppel by this Court's prior dismissal of his claims in 19-CV-640 and that his complaints concerning the Bankruptcy Court's March 18, 2020 order are already the subject of an appeal before Judge Biery in 20-CV-381 such that he cannot collaterally attack them in a separate proceeding. Further, these Defendants contend that they are entitled to attorney immunity for conduct within the scope of their representation of their client. Defendants contend that the kind of conduct complained of – filing pleadings, motions, and draft orders, eliciting testimony from witnesses, and making

5

arguments and presentations to the court – could not more clearly be within the scope of attorney immunity. Defendants argue that Plaintiff's claims are groundless and implausible and should be dismissed with prejudice.

The Court agrees with Gragg and Wilson. Many of the factual allegations upon which Merkle rests his claims have already been adversely decided against him in the prior bankruptcy proceedings, and thus the claims are barred by collateral estoppel and res judicata. For example, Merkle complains that Gragg fraudulently asked to be allowed to proceed to foreclosure and also fraudulently claimed that Pilgrim was a note owner and holder and that Merkle was in payment default, but those issues were decided adversely to Merkle in previous appeals. Merkle cannot contradict those facts, or facts related to application of the hazard insurance payment or the amounts due to Pilgrim, to assert claims in collateral litigation. To the extent Merkle complains of these defendants' actions concerning the conversion of his bankruptcy, that issue is currently pending on appeal before Judge Biery and cannot be attacked in a collateral proceeding.

To the extent Merkel complains about Gragg and Wilson's conduct during the litigation or complains that Gragg falsely mischaracterized him or made false or incorrect statements to Judge Gargotta or Judge King, that conduct is protected by attorney immunity. The Fifth Circuit recently clarified that attorney immunity is immunity from suit, and that there is no fraud exception to attorney immunity. *Troice v. Proskauer Rose, LLP*, 816 F.3d 341 (5th Cir. 2016) (citing *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 484 (Tex. 2015)). Rather, the focus is on the type of conduct and whether it was the kind of conduct in which an attorney engages when discharging duties to his or her client. That some of it is allegedly wrongful or was carried out in an allegedly fraudulent manner, is no matter. *Troice*, 816 F.3d at 348. Merkle attempts to sue

Wilson and Gragg for conduct engaged in while representing their client, and they are protected by attorney immunity.

While the Fifth Circuit did not address the applicability of a "crime" exception to attorney immunity, and Merkle contends that Gragg and Wilson have engaged in numerous crimes, this Court has already found that Plaintiff's claims of a criminal conspiracy lack any cognizable legal basis, are based on his disagreement with facts that have been found against him (and thus are barred by collateral estoppel and/or res judicata), and are oftentimes nonsensical. Plaintiff's pleadings now border on the fantastical and his continuing litigation is harassing, which is what prompted this Court to issue the pre-filing injunction against Merkle in 19-CV-640.

Gragg and Wilson's Motion to Dismiss is granted and Merkle's claims against them are dismissed with prejudice.

**B. Defendant Autry's Motion to Dismiss Under Rules 8, 9, and 12(b)(6) (ECF No. 5)**

Defendant Patrick Autry is the attorney of record for Janie Nichols, formerly Janie Merkle, Plaintiff's ex-wife and one of his creditors in the bankruptcy case pending before Judge Gargotta. Merkle alleges that "Autry's behavior on March 18, 2020 was that of a thief and a liar" and that "Autry embezzled $161,000 from Merkle's bankruptcy estate through attempted bankruptcy fraud on March 18, 2020."

Merkle alleges that Autry made a fraudulent assertion at the March 18, 2020 hearing that Pilgrim was a note holder and "that was all fraud, and her attorney harmed Janie (who could have received that money without the hearing), and Autry then fraudulently blamed Merkle, and committed bankruptcy fraud." Merkle alleges that Janie Merkle could have gotten the money from the escrow company before the hearing, but the US Trustee Johnny Thomas stopped the

escrow officer from issuing the money to Janie. Petn. at 61. Merkle also alleges that Autry "concealed the fact of the theft and embezzlement of Merkle's hazard insurance money and fact of lost note which he knew or should have known about" and "he lied with not qualifications about the disputed nature of his lies." *Id.* at 71. Merkle complains that Autry "prepared a Witness and Exhibit List of Janie Merkle ('Autry's List') that was mostly filled with fraudulent documents or documents that indicated fraud." *Id.* at 95. Merkle alleges this "shows that Autry either does not know what he is talking about, or is somehow an active participant in the fraud intended to benefit his friends Judge Gargotta and Mr. Gragg at the expense of his purported client Janie Merkle who Merkle suspects has paid him nothing." *Id.* at 97. Merkle also alleges that he "now believes that Autry was a 'plant' at that September 26, 2017 hearing" on Janie Merkle's request for distribution of the escrow funds, which Judge Gargotta denied on October 24, 2017, and "more discovery into Autry's role and the time Autry has spent must be investigated." *Id.* at 107.

Autry moves to dismiss the claims against him under Rules 8, 9 and 12(b)(6) and invokes attorney immunity. Autry contends that Plaintiff, a non-client, cannot bring a claim against him for alleged wrongful conduct committed within the scope of his representation of Janie.

Merkle again bases many of his claims on facts that have been decided adversely to him in his prior bankruptcy appeals. However, the Court grants Autry's motion on the basis of attorney immunity. Autry's actions were taken in the scope of representing his client Janie in the bankruptcy litigation. He is entitled to attorney immunity. Autry's motion is granted and Merkle's claims are dismissed with prejudice.

**C. Motion to Dismiss by Defendant Johnny W. Thomas Under Federal Rules of Civil Procedure 8, 9 and 12(b)(6) (ECF No. 6)**

Merkle alleges that Thomas is the Trustee assigned to Merkle's Chapter 7 case[3] that "took control of the $161,000 that was about to be released to Janie Merkle by the escrow officer Paula Brown at Merkle's request on or about March 27, 2020." Merkle contends that amount belongs to Janie Merkle and Carl Merkel and that Thomas "lacks jurisdiction over the $161,000" and "[t]he $161,000 is 'bankruptcy fraud' committed by a federal bankruptcy judge and Gragg and Wilson and Autry associated with a fraudulent escrow statement that is in violation of Texas Penal Code § 32.42(b)(12)(B) and thus is a state court jurisdiction matter and not a federal matter under the Seventh Amendment of the US Constitution."

Thomas moves to dismiss for failure to satisfy a condition precedent insofar as Merkle did not obtain permission to sue from the Bankruptcy Court in which Merkle's Chapter 7 case is pending. Thomas asserts that, before suit can be brought against a bankruptcy trustee, leave of court must be obtained from the court that appointed him. *Villegas v. Schmidt*, 788 F.3d 156 (5th Cir. 2015); *Anderson v. United States*, 520 F.2d 1027, 1029 (5th Cir. 1975). Thomas further moves to dismiss under Rules 9 and 12(b)(6), asserting that Plaintiff has failed to plead fraud with sufficient particularity. Thomas notes that he is named as a "Secondary Defendant" and that the 126-page petition fails to state any act in violation of any law by the Trustee.

The Court agrees that dismissal is appropriate. Merkle was required to, but did not receive, permission from the bankruptcy court before suing the trustee. *Villegas*, 788 F.3d at 158. In addition, the Complaint fails to state a plausible claim to relief against Thomas and is dismissed under Rule 9 and Rule 12(b)(6). Thomas's motion is granted and the claims against him are dismissed with prejudice.

---

[3] The bankruptcy docket indicates that Johnny Thomas, Jr. was appointed successor trustee on March 19, 2020. Bankr. ECF No. 385.

**Conclusion**

David S. Gragg and Natalie Friend Wilson's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6) (ECF No. 4) is GRANTED and the claims against them are DISMISSED WITH PREJUDICE.

Defendant Patrick Autry's Motion to Dismiss Under Federal Rules of Civil Procedure 8, 9 and 12(b)(6) (ECF No. 5) is GRANTED and the claims against him are DISMISSED WITH PREJUDICE.

The Motion to Dismiss by Defendant Johnny W. Thomas Under Federal Rules of Civil Procedure 8, 9 and 12(b)(6) (ECF No. 6) is GRANTED and the claim against him is DISMISSED WITH PREJUDICE.

The Clerk is directed to enter Judgment pursuant to Rule 58 and to CLOSE this case.

It is so ORDERED.

SIGNED this August 31, 2020

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE